1   RICHARD B. GOETZ (S.B. #115666)
    rgoetz@omm.com
2   KELSEY M. LARSON (S.B. #267982)
    klarson@omm.com
3   O'MELVENY & MYERS LLP
4   400 S. Hope Street
    Los Angeles, CA 90071-2899
5   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
6

7   MATTHEW D. POWERS (S.B. #212682)
    mpowers@omm.com
8   O'MELVENY & MYERS LLP
9   Two Embarcadero Center, 28th Floor
    San Francisco, CA 94111-3823
10   Telephone: (415) 984-8700
    Facsimile: (415) 984-8701
11
    Attorneys for Defendant
12   Apple Inc.

13

14            **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16                 **WESTERN DIVISION**

17

18   ROSS MISSAGHI, individually, and    Case No. **CV 13-02003** -GAF
    on behalf of all other similarly                         (AJWx)
19   situated customers of Apple, Inc.,

20               Plaintiffs,      **DEFENDANT APPLE INC.'S**
                              **NOTICE OF REMOVAL**
21       v.

22   APPLE, INC., a corporation; and
    DOES 1 through 100, inclusive,
23

24              Defendants.

25

26

27

28

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**
2  **FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3      **PLEASE TAKE NOTICE** that Defendant Apple Inc. ("Apple") hereby

4  removes to this Court the state action described below pursuant to 28 U.S.C. §§

5  1332, 1441, 1446, and 1453. Removal is proper because this is a putative class

6  action "brought in a State court of which the district courts of the United States

7  have original jurisdiction." 28 U.S.C. §§ 1441(a) & 1453(b). Specifically, this

8  action satisfies the jurisdictional prerequisites under the Class Action Fairness Act

9  ("CAFA"). Minimal diversity exists because Apple is a citizen of California and

10  the putative class includes citizens of other states who purchased iPhone 4 and 4S

11  devices. Additionally, the amount in controversy exceeds $5,000,000. This Notice

12  of Removal is timely because it has been filed within thirty days of the date

13  Defendant was served with the summons and complaint. *See* 28 U.S.C. § 1446(b).

14  Thus, this Court has original jurisdiction over this action based upon diversity of

15  citizenship. 28 U.S.C. § 1332(d)(2).

16              **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

17      1.      On February 14, 2013, Plaintiff Ross Missaghi ("Plaintiff") filed a

18  putative class action against Apple in the Superior Court for the State of California,

19  County of Los Angeles, captioned *Missaghi v. Apple, Inc., et al.*, Case No.

20  BC501153 ("State Court Action").

21      2.      Apple was served with the State Court Action Summons and

22  Complaint on February 21, 2013. This notice is therefore timely pursuant to 28

23  U.S.C. § 1446(b) because fewer than thirty days have elapsed since service on

24  Apple.

25      3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process,

26  pleadings, and orders served upon Apple in the State Court Action, including the

27  Complaint, are attached to this Notice as **Exhibit A**.

28

- 1 -

## ALLEGATIONS IN THE COMPLAINT

4.    Plaintiff purports to bring this action on behalf of all purchasers of Apple's iPhone 4 and iPhone 4S devices. (Compl. ¶ 3.) Specifically, he states that the putative class consists of "purchasers of the iPhone 4 manufactured by Apple, Inc." and defines the term "iPhone 4" to include both the iPhone 4 and iPhone 4S devices. (Compl. ¶¶ 2-3.) Plaintiff does not limit the scope of this putative class by jurisdiction; instead, Plaintiff asserts that Apple "conducts business throughout the United States." (Compl. ¶ 4.)

5.    Plaintiff alleges that the iPhone 4 and 4S models are "defective" because, according to Plaintiff, "after a number of uses, the power button of the iPhone 4 becomes stuck" and "the user is unable to power off or reboot the device." (Compl. ¶ 8.) Plaintiff alleges that this "defect is not repairable" and affects the "functional[ity]" of the device. (Compl. ¶¶ 8, 10, 50.)

6.    On behalf of Plaintiff and the putative class, the Complaint purports to state claims for: (1) breach of express warranty, (2) breach of the implied warranty of merchantability, (3) "unjust enrichment," (4) violation of the Magnuson-Moss Warranty Act, and (5) violation of Cal. Bus. & Prof. Code § 17531. The Complaint seeks, *inter alia*, monetary damages, diminution in value, refund of purchase price, restitution, injunctive relief, attorneys' fees, interest, and costs. (Compl., Prayer for Relief.)

7.    Apple disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.

## BASIS FOR REMOVAL

8.    This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions (1) involving a plaintiff class of 100 or more members; (2) in which the

DEFENDANT APPLE INC.'S NOTICE
OF REMOVAL

1   amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interests

2   and costs; and (3) where any member of the class of plaintiffs is a citizen of a State

3   different from any defendant.  As set forth below, this action satisfies each of the

4   requirements of Section 1332(d)(2) for original jurisdiction under CAFA.  *See*

5   *Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 997 (9th Cir. 2007).

6                **THE PLAINTIFF CLASS CONSISTS OF OVER 100 MEMBERS**

7          9.     This action meets the CAFA definition of a class action, which is "any

8   civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar

9   State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a) &

10  (b).  (*See* Compl. ¶¶ 2-3, 6.)  Although Plaintiff's Complaint is extremely vague,

11  Plaintiff purports to bring claims on behalf of all "purchasers of the iPhone 4 [and

12  4S] manufactured by Apple, Inc."  (Compl. ¶¶ 2-3.)  Since the iPhone 4S was

13  launched in October 2011, there here have been well in excess of 100,000 iPhone

14  4S units sold in California Retail Stores alone.  (Declaration of Mark Buckley in

15  Support of Defendant Apple Inc.'s Notice of Removal ("Buckley Decl."), ¶ 3, filed

16  concurrently herewith.)  Accordingly, the aggregate number of class members is

17  greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

18                        **DIVERSITY OF CITIZENSHIP**

19         10.     Diversity of citizenship exists between Apple and the members of the

20  putative class.  Under CAFA, diversity of citizenship is satisfied where "any

21  member of a class of plaintiffs is a citizen of a State different from any defendant."

22  28 U.S.C. § 1332(d)(2)(A).

23         11.     Apple is a California corporation and Plaintiff alleges that Apple's

24  "corporate headquarters and major place of business [is] in the State of California."

25  (Compl. ¶ 1.)  Based on this allegation, Apple is a citizen of California for diversity

26  purposes.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

27         12.     Plaintiff purports to represent a nationwide class of all "purchasers of

28  the iPhone 4 manufactured by Apple, Inc."  (Compl. ¶ 3.)  The iPhone 4 and 4S are

1 sold throughout the United States, including in states other than California.

2 Accordingly, at least one putative class member is a citizen of a state different from

3 the state of Apple's citizenship, thereby satisfying minimal diversity for purposes of

4 CAFA jurisdiction.  28 U.S.C.§ 1332(d)(2)(A).

5 **AMOUNT IN CONTROVERSY**

6 13.    Under CAFA, the claims of the individual class members are

7 aggregated to determine if the amount in controversy exceeds the required "sum or

8 value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2),

9 (d)(6).  Here, Plaintiff seeks damages, diminution in value, refund of purchase

10 price, restitution, injunctive relief, attorneys' fees, interest, and costs.  (*See, e.g.*,

11 Compl., Prayer for Relief.)  "Where the complaint does not specify the amount of

12 damages sought, the removing defendant must prove by a preponderance of the

13 evidence that the amount in controversy requirement has been met."  *Abrego*

14 *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citations omitted).

15 That showing can be made by demonstrating that "it is 'facially apparent' from the

16 complaint that the jurisdictional amount is in controversy" or by setting forth the

17 facts in controversy that support a finding of the requisite amount.  *Singer v. State*

18 *Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

19 14.    Apple contends that the allegations in the Complaint are without merit

20 and that neither Plaintiff nor the putative class members have suffered any injury

21 whatsoever.  Nevertheless, the amount in controversy here satisfies CAFA's

22 jurisdictional threshold.  Plaintiff alleges that he and the putative class members

23 suffered "damages" as a result of their purchases of iPhone 4 and 4S devices, and

24 seeks a "full refund for the purchase price" of each device.  (Compl. ¶¶ 2, 22, 31,

25 47, 54, Prayer for Relief.)  Apple's current retail price is $99 for the 16GB iPhone

26 4S.  (Buckley Decl. ¶ 2.)  Since the iPhone 4S was launched in October 2011,

27 Apple has sold well in excess of 100,000 16GB iPhone 4S units in its California

28 Retail Stores alone.  (Buckley Decl. ¶ 3.)  Thus, while Apple disputes that it is

DEFENDANT APPLE INC.'S NOTICE
OF REMOVAL

1   liable to Plaintiff or any putative class member—or that Plaintiff or the putative

2   class members suffered injury or incurred damages in any amount whatsoever—to

3   the extent Plaintiff seeks to recover the purchase price of every iPhone 4 or 4S sold

4   in the United States, the matter in controversy clearly exceeds $5,000,000 for

5   purposes of satisfying the jurisdictional prerequisites of CAFA. *See Lewis v.*

6   *Verizon Commc'ns Inc.*, 627 F.3d 395 (9th 2010) (defendant's affidavit

7   demonstrated by a preponderance of the evidence that the amount in question

8   exceeded $5 million).[1]

9                    **NO EXCEPTION TO CAFA APPLIES**

10       15.   CAFA contains a number of exceptions which, where applicable, may

11   prevent the Court from exercising jurisdiction over a class action, even where that

12   class action meets CAFA's threshold requirements. It is plaintiff's burden,

13   however, to demonstrate that an exception to CAFA applies. *Serrano v. 180*

14   *Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007) (requiring party seeking

15   remand to demonstrate the applicability of the "home state" and "local controversy"

16   exceptions to CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199,

17   1206 (E.D. Cal. 2008).

18       16.   Here, Plaintiff will be unable to demonstrate that either exception

19   applies because California citizens do not comprise two-thirds of the putative

20   nationwide class. Both the home state and the local controversy exception require

21   that at least two-thirds of the putative class members be citizens of the same state as

22   Apple. *See* 28 U.S.C. §§ 1332(d)(4)(A) (local controversy), 1332(d)(4)(B) (home

23   state). Since the iPhone 4 and 4S devices are sold throughout the United States,

24   this putative nationwide class is not primarily comprised of Californian citizens and

---

25   [1] Plaintiff also seeks an award of attorneys' fees (Compl., Prayer for Relief) which
26   are included in the amount in controversy calculation. *See Mo. State Life Ins. Co. v.*
     *Jones*, 290 U.S. 199, 202 (1933); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980
27   (9th Cir. 2005), *amended by* 2006 U.S. App. LEXIS 3376 (9th Cir. Feb. 13, 2006);
     *see also Sanchez v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 33746, at *6
28   (E.D. Cal. May 8, 2007).

DEFENDANT APPLE INC.'S NOTICE
OF REMOVAL

1  no exception to CAFA jurisdiction applies.

2  ## VENUE

3  17.  The Superior Court for the State of California, County of Los Angeles,

4  is located within the Central District of California.  28 U.S.C. § 84(c).  This Notice

5  of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§

6  1441(a), 1446(a) and 1453(b).

7  ## NO JOINDER NECESSARY

8  18.  Because there are no other named defendants in this action, no consent

9  to removal is necessary.  The Doe defendants have not yet been named or served.

10  The consent of these unserved Doe defendants to this Notice of Removal is

11  therefore not required.  *See Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th

12  Cir. 2002); *Salveson v. Western States Bancard Ass'n*, 731 F.2d 1423, 1429 (9th

13  Cir. 1984).

14  ## NOTICE

15  19.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

16  being filed with the Clerk of the Superior Court for the State of California for the

17  County of Los Angeles and served upon counsel for Plaintiff.  A copy of this

18  Notice being filed in state court is attached hereto (without exhibits) as **Exhibit B**.

19  ## CONCLUSION

20  20.  For all of the reasons stated above, this action is within the original

21  jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action

22  is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

23  21.  This case is removed subject to and without waiver of any challenges

24  that Apple may have as to personal jurisdiction, proper venue, or any other claims

25  or defenses that may be available to Apple, all of which are expressly reserved.

26  22.  Apple respectfully reserves the right to amend or supplement this

27  Notice of Removal as may be appropriate.

28

DEFENDANT APPLE INC.'S NOTICE
OF REMOVAL

1    WHEREFORE, Defendant Apple Inc. respectfully removes this action from

2    the Superior Court of the State of California, County of Los Angeles, to this

3    Honorable Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

4

5    Dated:  March 20, 2013               RICHARD B. GOETZ
                                          MATTHEW D. POWERS
6                                         KELSEY M. LARSON
                                          O'MELVENY & MYERS LLP
7

8                                  By: _Kelsey M. Larson_____
                                       Kelsey M. Larson
9                                      Attorneys for Defendant
                                       Apple Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          DEFENDANT APPLE INC.'S NOTICE
                                                          OF REMOVAL

# EXHIBIT A

A6024
A6028

1  FARZAD RASTEGAR (State Bar #155555)
2  farzad@rastegarlawgroup.com
   DOUGLAS W. PERLMAN (State Bar #167203)
3  dwp@rastegarlawgroup.com
   **RASTEGAR LAW GROUP, APC**
4  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
5  Tel. (310) 961-9600
   Fax.(310) 961-9094
6
7  Attorneys for Plaintiff Ross Missaghi, and
   other similarly situated customers of Apple, Inc.

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 14 2013

JOHN A. CLARKE, CLERK

BY AMBER HAYES, DEPUTY

D307 William Highberger

8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF LOS ANGELES**

11                                              B C 5 0 1 1 5 3

12  ROSS MISSAGHI, individually, and on )   CASE NO.
    behalf of all other similarly situated customers )
13  of Apple, Inc.,                        )   **CLASS ACTION COMPLAINT**
                                           )
14          Plaintiffs,                    )   1.    **Breach of Express Warranty**
                                           )
15          vs.                            )   2.    **Breach of the Implied Warranty of**
                                           )         **Merchantibility**
16  APPLE, INC., a corporation; and DOES 1 )
    through 100, inclusive,                )   3.    **Unjust Enrichment**
17                                         )
            Defendants.                    )   4.    **Violation of Magnuson-Ross**
18  _____ )        **Warranty Act (15 U.S.C. 2301, *et***
                                                 ***seq.*)**
19
                                              5.    **Unlawful Business Practices**
20                                                  **(California Business and**
                                                    **Professions Code § 17531, *et seq.*)**
21

22                          **DEMAND FOR JURY TRIAL**

23      PLAINTIFFS hereby allege as follows:

24                              **JURISDICTION**

25      1.      This Court is the proper court, and this action is properly filed in the Superior

26  Court of the State of California, County of Los Angeles, because DEFENDANT maintains its

27

28

                                    -1-
                        **CLASS ACTION COMPLAINT**
    U:\MISSAGHI.ROSS\Apple\Pleadings\Complaint\Complaint.d4.wpd

Exhibit A
8

1   corporate headquarters and major place of business in the State of California, and because

2   transaction at issue with the proposed class representative occurred in the County of Los Angeles.

3

4                                          **PLAINTIFFS**

5          2.      PLAINTIFF ROSS MISSAGHI ("NAMED PLAINTIFF") on behalf of himself

6   and other similarly situated customers of APPLE, INC. and DOES 1-100 (collectively

7   "PLAINTIFFS"), brings this Class Action against APPLE, INC. and DOES 1-100 (collectively

8   DEFENDANTS) to recover, among other things, damages and diminution in value of defective

9   Apple IPHONE 4s ("IPHONE 4" collectively refers to the IPHONE 4 and IPHONE 4S models)

10  manufactured and sold by Apple, Inc.  PLAINTIFF reserves the right to name additional class

11  representatives.

12         3.      PLAINTIFFS are purchasers of the IPHONE 4 manufactured by Apple, Inc.

13

14                                         **DEFENDANT**

15         4.      At all relevant times alleged herein, NAMED PLAINTIFF is informed and

16  believes, and thereon alleges that Defendant APPLE, INC. is, and at all times relevant hereto was,

17  a corporation.  PLAINTIFF is further informed and believes, and thereon alleges, that

18  DEFENDANT is authorized to conduct business in the State of California, and does conduct

19  business in the State of California.  Plaintiff is further informed and believes that APPLE, INC.

20  conducts business throughout the United States, and throughout the world.

21         5.      The true names and capacities of DOES 1-100, inclusive, are unknown to

22  PLAINTIFF who therefore sues said DOE Defendants by fictitious names.  PLAINTIFF will

23  amend this Complaint to show their true names and capacities when they have been ascertained.

24

25                                **CLASS ACTION DESIGNATION**

26         6.      This action is appropriately suited for a Class Action because:

27                 A.      The potential class is a significant number.  Joinder of all purchasers of

28  IPHONE 4s individually would be impractical.

---

-2-

**CLASS ACTION COMPLAINT**

U:\MISSAGHI.ROSS\Apple\Pleadings\Complaint\Complaint.d4.wpd

1           B.      This action involves common questions of law and fact to the

2 potential class because the action focuses on a design defect in the IPHONE 4 that effects all

3 purchasers of the IPHONE 4.

4           C.      The claims of the NAMED PLAINTIFF are typical of the class

5 because the defect in the IPHONE 4 purchased by NAMED PLAINTIFF is identical to the defect

6 in all IPHONE 4s manufactured by APPLE, INC.

7           D.      The NAMED PLAINTIFF is able to fairly and adequately protect the

8 interests of all members of the class because it is in his best interests to prosecute the claims

9 alleged herein to obtain damages and full compensation due to them for damages and diminution in

10 value of all IPHONE 4s manufactured and sold by APPLE, INC.

11

12 **STATEMENT OF FACTS**

13      7.      On or about October 15, 2011, NAMED PLAINTIFF purchased an IPHONE 4,

14 designed, manufactured, and sold by Defendant APPLE, INC.  Plaintiff purchased the foregoing

15 IPHONE 4 in the County of Los Angeles, State of California.

16      8.      NAMED PLAINTIFF is informed and believes that the foregoing IPHONE 4 was

17 defective and unsuitable for its intended use.  Specifically, after a number of uses, the power button

18 on the IPHONE 4 becomes stuck.  Thereafter, the user is unable to power off or reboot the device.

19 Other functions requiring use of the power button are also affected.

20      9.      NAMED PLAINTIFF is informed and believes that the foregoing defect is a result

21 of the design of the IPHONE 4, and that the defect exists in all IPHONE 4s manufactured by

22 APPLE, INC.  NAMED PLAINTIFF is informed and believes that virtually all IPHONE 4s have a

23 power button that either 1) is already unusable following normal and customary use, or 2) will

24 eventually become unusable, following normal and customary use.

25      10.      NAMED PLAINTIFF is informed and believes that the foregoing defect is not

26 repairable.  Once the damage caused by the foregoing design defect has manifested, the user must

27 either continue to use the IPHONE 4 in its diminished state, or purchase a replacement.

28

-3-

**CLASS ACTION COMPLAINT**

U:\MISSAGHI.ROSS\Apple\Pleadings\Complaint\Complaint.d4.wpd

1    11.  Due to the foregoing design defect, NAMED PLAINTIFF is informed and

2 believes that all IPHONE 4s have been diminished in value.

3    12.  Common questions of law and fact exist as to all members of the Class and

4 predominate over any questions solely affecting individual members of the Class. Among the

5 questions of law and fact common to the Class are:

6    a.  whether APPLE, INC. had knowledge of the design defect prior to the sale of

7      some or all IPHONE 4s;

8    b.  whether APPLE, INC. concealed the design defect affecting IPHONE 4s;

9    c.  whether APPLE, INC. misrepresented the suitability of IPHONE 4s for their

10     intended use;

11    d.  whether APPLE, INC. breached its express warranties;

12    e.  whether APPLE, INC. breached its implied warranty of merchantability;

13    f.  whether NAMED PLAINTIFF and the Class conferred non-gratuitous benefits on

14     APPLE, INC. in the absence of a contract;

15    g.  whether APPLE, INC. retained such non-gratuitous benefits from NAMED

16     PLAINTIFF and the Class;

17    h.  whether APPLE, INC.'s maintenance of such non-gratuitous benefits is unjust or

18     inequitable;

19    i.  whether NAMED PLAINTIFF and the Class are entitled to damages, restitution,

20     equitable relief and other relief; and

21    j.  the amount and nature of such relief to be awarded to NAMED PLAINTIFF and

22     the Class.

23    13.  A class action is superior to other available methods for fair and efficient

24 adjudication of this controversy because joinder of all Class members is impracticable. The

25 prosecution of separate actions by individual members of the Class would impose heavy burdens

26 upon the courts and Defendant, and would create a risk of inconsistent or varying adjudications of

27 the questions of law and fact common to the Class. A class action would achieve substantial

28

-4-

**CLASS ACTION COMPLAINT**

U:\MISSAGHI.ROSS\Apple\Pleadings\Complaint\Complaint.d4.wpd

1   economies of time, effort and expense, and would assure uniformity of decision as to persons

2   similarly situated without sacrificing procedural fairness.

3

4                         **FIRST CAUSE OF ACTION**

5                          **Breach of Express Warranty**

6         14.     NAMED PLAINTIFF incorporates by references and realleges all paragraphs

7   alleged herein.

8         15.     APPLE, INC. is and was at all relevant times a merchant as defined by the

9   Uniform Commercial Code ("UCC").

10         16.     APPLE, INC. expressly warranted the IPHONE 4 as follows:

11      **Apple Inc. of One Infinite Loop, Cupertino, California, U.S.A. 95014 ("Apple")**
12      **warrants the Apple-branded iPhone, iPad or iPod hardware product and accessories contained in the original packaging ("Apple Product") against defects in materials and workmanship when used normally in accordance with Apple's published**
13      **guidelines for a period of ONE (1) YEAR from the date of original retail purchase by the end-user purchaser ("Warranty Period"). Apple's published guidelines include**
14      **but are not limited to information contained in technical specifications, user manuals and service communications.**

15

16         17.     In addition, APPLE, INC. made affirmations of fact or promise to Class Members

17   that the IPHONE 4s they sold would be fully operational and reliable. These warranties were made,

18   *inter alia,* in advertisements, publications, and announcements.  These affirmations and promises

19   were express warranties, and were part of the basis of the bargain between the parties.

20         18.     These express warranties were breached because the IPHONE 4s sold to Class

21   Members were not fully operational or reliable. APPLE, INC. exacerbated the breach by failing to

22   provide fully functional replacements after the problem was acknowledged.

23         19.     As a direct and proximate result of APPLE, INC.'s breach of express warranty,

24   NAMED PLAINTIFF and the Class have been damaged by receiving IPHONE 4s that were worth

25   far less than what they paid to purchase the cell phones.

26         20.     As a direct and proximate result of APPLE, INC.'s breach of express warranty,

27   NAMED PLAINTIFF and the Class received goods whose defective condition substantially

28   impairs their value.

-5-

**CLASS ACTION COMPLAINT**

21.     NAMED PLAINTIFF and the Class were unaware of these defects and reasonably could not have discovered them when they purchased their cell phones from APPLE, INC.

22.     NAMED PLAINTIFF and the Class seek to revoke their acceptance of the IPHONE 4s, return their IPHONE 4s, and receive a full refund for the purchase price.

23.     NAMED PLAINTIFF and the Class bring this notice of revocation of acceptance within a reasonable amount of time after the IPHONE 4 defects became public knowledge.

24.     Alternatively, NAMED PLAINTIFF and the Class seek damages based on the diminished value of their cell phones as a result of these manufacturer defects.

25.     In addition, NAMED PLAINTIFF and Class members seek any incidental and consequential damages, including the costs associated with purchasing reliable and fully operational cell phones, and all other damages allowable under law.

## SECOND CAUSE OF ACTION

### Breach of the Implied Warranty of Merchantability

26.     NAMED PLAINTIFF incorporates by reference and realleges all paragraphs alleged herein.

27.     The IPHONE 4s APPLE, INC. provided to NAMED PLAINTIFF and the Class violated APPLE, INC.'s implied warranty of merchantability. Because of the power button defect, they are not fully functional and thus not fit for ordinary purposes.  Furthermore, the defective power buttons have caused the IPHONE 4s to lose value.

28.     As a direct and proximate result of APPLE, INC.'s breach of the implied warranty of merchantability, NAMED PLAINTIFF and Class members received goods whose defective condition substantially impairs their value to NAMED PLAINTIFF and the Class.

29.     As a direct and proximate result of APPLE, INC.'s breach of the implied warranty of merchantability, NAMED PLAINTIFF and the Class have been damaged as a result of the diminished value of the APPLE, INC.'s products, the products' malfunctioning and the impaired operation of their IPHONE 4s.

-6-

**CLASS ACTION COMPLAINT**

30.     NAMED PLAINTIFF and the Class were unaware of these defects and reasonably could not have discovered them when they purchased their cell phones from APPLE, INC.

31.     NAMED PLAINTIFF and the Class seek to return their IPHONE 4s and to receive a full refund for the purchase price.

32.     NAMED PLAINTIFF and the Class bring this notice of revocation of acceptance within a reasonable amount of time after the IPHONE 4 defects became public knowledge.

33.     Alternatively, NAMED PLAINTIFF and the Class seek damages based on the diminished value of their cell phones as a result of these manufacturer defects.

34.     In addition, NAMED PLAINTIFF and Class members seek any incidental and consequential damages, including the costs associated with purchasing fully operational cell phones, and all other damages allowable under law.

## THIRD CAUSE OF ACTION

### In the Alternative, Unjust Enrichment

35.     NAMED PLAINTIFF incorporates by reference and realleges all paragraphs alleged herein. NAMED PLAINTIFF pleads this count in the alternative should NAMED PLAINTIFF's statutory claims fail or be dismissed.

36.     APPLE, INC. had knowledge of the defect of IPHONE 4s.

37.     APPLE, INC. failed to disclose the design defect of IPHONE 4s to NAMED PLAINTIFF and the Class either at the time of purchase or anytime thereafter.

38.     During the Class Period, NAMED PLAINTIFF and the Class conferred upon APPLE, INC., without knowledge of the defective condition, payment for these IPHONE 4s, which are benefits that were clearly non-gratuitous.

39.     APPLE, INC. appreciated, accepted and retained the non-gratuitous benefits conferred by NAMED PLAINTIFF and the Class despite APPLE, INC.'s knowledge of the defects that affected IPHONE 4s. Retaining the non-gratuitous benefits conferred upon APPLE, INC. by NAMED PLAINTIFF and the Class under these circumstances is unjust and inequitable, and APPLE, INC. should pay restitution.

-7-

**CLASS ACTION COMPLAINT**

U:\MISSAGHI.ROSS\Apple\Pleadings\Complaint\Complaint.d4.wpd

1

## FOURTH CAUSE OF ACTION

2

### Violation of Magnuson-Moss Warranty Act

3

### 15 U.S.C. 2301 *et seq.*

4    40.    NAMED PLAINTIFF incorporates by references and realleges all paragraphs

5    alleged herein.

6    41.    NAMED PLAINTIFF asserts this claim on behalf of himself and the Class

7    members.

8    42.    NAMED PLAINTIFF is a "consumer" within the meaning of the Magnuson-Moss

9    Warranty Act, 15 U.S.C. § 2301(c).

10    43.    APPLE, INC. is a "supplier" and "warrantor" within the meaning of the Magnuson-

11    Moss Warranty Act, 15 U.S.C. § 2301(4)-(5) .

12    44.    The APPLE, INC. IPHONE 4s are "consumer products" within the meaning of the

13    Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

14    45.    APPLE, INC.'s express warranties are written warranties within the meaning of the

15    Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 (6). APPLE, INC. breached its express

16    warranties by selling IPHONE 4s because the IPHONE 4s sold to Class Members were not fully

17    operational or reliable. APPLE, INC. exacerbated the breach by failing to provide fully operational

18    replacements after the problems were acknowledged.

19    46.    The amount in controversy of NAMED PLAINTIFF's individual claims meets or

20    exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000,

21    exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

22    47.    NAMED PLAINTIFF has been damaged by APPLE, INC.'s breach of warranty.

23    NAMED PLAINTIFF seeks to revoke acceptance of the IPHONE 4 or, in the alternative, seeks the

24    diminution in value of his IPHONE 4.

25    48.    Requiring an informal dispute settlement procedure, or affording APPLE, INC. a

26    reasonable opportunity to cure its breach of written warranties, would be unnecessary and futile. At

27    the time of the sale of each IPHONE 4, APPLE, INC. knew, or should have known, of its

28    misrepresentation concerning the IPHONE 4s' inability to operate as warranted, but nonetheless

-8-

## CLASS ACTION COMPLAINT

1  failed to rectify the situation and/or disclose the defective design. Under the circumstances, the

2  remedies available under any informal settlement procedure would be inadequate and any

3  requirement-whether under Magnuson-Moss Warranty Act or otherwise- that NAMED

4  PLAINTIFF resort to an informal dispute resolution procedure and/or afford APPLE, INC. a

5  reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

## FIFTH CAUSE OF ACTION

### Unlawful Business Practices

### California Business and Professions Code § 17531, *et seq.*

10      49.      NAMED PLAINTIFF incorporates by reference and realleges all paragraphs alleged

11  herein.

12      50.      The IPHONE 4s APPLE, INC. sold to NAMED PLAINTIFF and the Class were

13  defective and unsuitable for their intended use. Because of the power button defect, they are not

14  fully functional and thus not fit for ordinary purposes.  Furthermore, the defective power buttons

15  have caused the IPHONE 4s to lose value.

16      51.      As a direct and proximate result of the foregoing, NAMED PLAINTIFF and Class

17  members were sold goods in violation of California Business & Professions Code § 17531, *et seq.*.

18      52.      As a direct and proximate result of the foregoing, NAMED PLAINTIFF and the

19  Class have been damaged as a result of the diminished value of the APPLE, INC.'s products, the

20  products' malfunctioning and the impaired operation of their IPHONE 4s.

21      53.      NAMED PLAINTIFF and the Class were unaware of these defects and reasonably

22  could not have discovered them when they purchased their cell phones from APPLE, INC.

23      54.      NAMED PLAINTIFF and the Class seek to return their IPHONE 4s and to receive a

24  full refund for the purchase price.

25      55.      NAMED PLAINTIFF and the Class bring this notice of revocation of acceptance

26  within a reasonable amount of time after the IPHONE 4 defects became public knowledge.

27      56.      Alternatively, NAMED PLAINTIFF and the Class seek damages based on the

28  diminished value of their cell phones as a result of these manufacturer defects.

-9-

**CLASS ACTION COMPLAINT**

Exhibit A
16

57.     In addition, NAMED PLAINTIFF and Class members seek any incidental and consequential damages, including the costs associated with purchasing fully operational cell phones, and all other damages allowable under law.

## PRAYER FOR RELIEF

**WHEREFORE**, NAMED PLAINTIFF respectfully requests that this Honorable Court enter judgment against APPLE, INC. as follows:

A. For an order certifying this case as a class action;

B. For an order appointing NAMED PLAINTIFF as class representative and Rastegar Law Group as class counsel;

C. For an order ruling that NAMED PLAINTIFF and members of the Class have properly revoked acceptance of the IPHONE 4s, and are entitled to a full refund of their purchase price;

D. For an order awarding damages to NAMED PLAINTIFF and the members of the Class, including the diminution in value of their IPHONE 4s;

E. For an order awarding NAMED PLAINTIFF and Class members incidental and consequential damages, including the costs associated with purchasing fully operational and functional cell phones, and all other damages allowable under law;

F. For an order enjoining APPLE, INC. from selling IPHONE 4s;

G. For an order requiring APPLE, INC. to recall its IPHONE 4s that are in the stream of commerce;

H. For an order requiring APPLE, INC. to disgorge all profits, benefits, and other compensation APPLE, INC. obtained from the sale of these products, including actual damages, and to pay restitution to NAMED PLAINTIFF and the Class;

I. For an order awarding NAMED PLAINTIFF and the Class all costs of this action, including attorney fees and costs, pre-judgment and post-judgment interest; and

J. For an order granting any such other relief as the Court deems just and proper.

-10-
**CLASS ACTION COMPLAINT**
U:\MISSAGHI.ROSS\Apple\Pleadings\Complaint\Complaint.d4.wpd

1

**JURY TRIAL DEMANDED**

2

3    NAMED PLAINTIFF demands a trial by jury for all claims so triable.

4

5    DATED: February 13, 2013

Respectfully submitted,

6

**RASTEGAR LAW GROUP, APC**

7

8

9    By:

10   Douglas W. Perlman
     Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| FARZAD RASTEGAR (State Bar #155555)<br>DOUGLAS W. PERLMAN (State Bar #167203)<br>RASTEGAR LAW GROUP, APC<br>1010 Crenshaw Boulevard, Suite 100<br>Torrance, CA 90501 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>FEB 14 2013<br><br>JOHN A. CLARKE, CLERK<br><br>BY AMBER HAYES DEPUTY |

TELEPHONE NO.: (310)961-9600   FAX NO.:
ATTORNEY FOR *(Name)*: ROSS MISSAGHI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90501
BRANCH NAME: Central District

CASE NAME: ROSS MISSAGHI vs. APPLE, INC.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount           (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER BC501153<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*: FIVE (5)

5. This case [X] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 13, 2013

DOUGLAS W. PERLMAN
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

Exhibit A

19

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Exhibit A

20

| SHORT TITLE: ROSS MISSAGHI vs. APPLE, INC. | CASE NUMBER  BC501153 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 20 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A  Civil Case Cover Sheet Category No. | B  Type of Action (Check only one) | C  Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Exhibit A
21

SHORT TITLE: ROSS MISSAGHI vs. APPLE, INC.

CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Professional Negligence (25) | ☐ | A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ | A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ | A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109   Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ | A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☒ | A6028   Other Breach of Contract/Warranty (not fraud or negligence) | ①, 2., 5. |
| Collections (09) | ☐ | A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ | A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ | A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ | A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ | A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ | A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032   Quiet Title | 2., 6. |
| | ☐ | A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ | A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ | A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ | A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ | A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (rotated): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) — Employment — Contract — Real Property — Unlawful Detainer — Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Exhibit A
22

SHORT TITLE: ROSS MISSAGHI vs. APPLE, INC.

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:  ROSS MISSAGHI vs. APPLE, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 2233 Federal Avenue |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90064 | Class actions must be filed in the County Courthouse, Central District. |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES SUPERIOR COURT   courthouse in the CENTRAL   District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 13, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

DOUGLAS W. PERLMAN

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4
Exhibit A
24

# SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** APPLE, INC., a corporation; and
***(AVISO AL DEMANDADO):*** DOES 1 through 100, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 1 4 2013

JOHN A. CLARKE, CLERK

BY AMBER HAYES, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** ROSS MISSAGHI,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individually, and
on behalf of all other similarly situated customers
of Apple, Inc.,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>Los Angeles, CA 90501 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**B C 5 0 1 1 5 3** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FARZAD RASTEGAR (State Bar #155555)            (310)961-9600
DOUGLAS W. PERLMAN (State Bar #167203)
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100, Torrance, CA 90501

DATE: FEB 1 4 2013          Clerk, by _____, Deputy
*(Fecha)*          John A. Clarke *(Secretario)*     Amber Hayes   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

Exhibit A
25

ORIGINAL

1   FARZAD RASTEGAR (State Bar #155555)
    farzad@rastegarlawgroup.com
2   DOUGLAS W. PERLMAN (State Bar #167203)
    dwp@rastegarlawgroup.com
3   **RASTEGAR LAW GROUP, APC**
    1010 Crenshaw Boulevard, Suite 100
4   Torrance, California 90501
    Tel. (310) 961-9600
5   Fax.(310) 961-9094

6   Attorneys for Plaintiff Ross Missaghi, and
    other similarly situated customers of Apple, Inc.

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 19 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
       Robin Sanchez

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF LOS ANGELES**

10

11   ROSS MISSAGHI, individually, and on   )   CASE NO.  BC 501153
    behalf of all other similarly situated    )
12   customers of Apple, Inc.,           )
                           )   **MOTION TO DISQUALIFY JUDGE**
13         Plaintiffs,        )   **AND TO ASSIGN ACTION TO**
                           )   **ANOTHER JUDGE**
14      vs.                )
                           )
15   APPLE, INC., a corporation; and DOES 1  )   [C.C.P. § 170.6]
    through 100, inclusive,        )
16                          )
        Defendants.       )
17                          )
18   _____ )

19

20       TO THIS HONORABLE COURT AND TO ALL PARTIES OF RECORD:

21       ROSS MISSAGHI, Plaintiff in the above-entitled action, appearing by and

22   through his attorneys, Rastegar Law Group, APC, move the court for an order disqualifying Judge

23   William F. Highberger, and assigning this matter to another judge.  Plaintiff hereby makes,

24   executes, and files a peremptory challenge to the Honorable William F. Highberger.  The

25   declaration of Douglas W. Perlman has been filed in this matter as required by California Code of

26   Civil Procedure §170.6.  This is the first and only such motion made by Plaintiff ROSS

27   MISSAGHI in this action.

28

---

-1-
PEREMPTORY CHALLENGE

1   DATED: February 18, 2013

Respectfully Submitted,

**RASTEGAR & MATERN**

By:

Douglas W. Perlman
Attorney for Plaintiff
Plaintiff Ross Missaghi, and
other similarly situated customers of Apple,
Inc.

1  STATE OF CALIFORNIA        )
                              )      ss:      PEREMPTORY
2  COUNTY OF LOS ANGELES      )               CHALLENGE

3

4          I, DOUGLAS W. PERLMAN, state as follows:

5          That I am attorney of record for Plaintiff ROSS MISSAGHI to the within action. That the

6  Honorable William F. Highberger, the Judge to whom it is assigned is prejudiced against their attorney

   or the interest of the parties or their attorney so that affiant cannot or believes that they cannot have
7
   a fair and impartial trial or hearing before the judge.
8
           I declare under penalty of perjury under the laws of the State of California that the foregoing
9
   is true and correct.
10
           Executed this 18th day of February 18, 2013, at Torrance, California.
11

12

13

14                                                   _____

15                                                   DOUGLAS W. PERLMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A
28

POS-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>FARZAD RASTEGAR          SBN 155555<br>RASTEGAR AND MATERN<br>1010 CRENSHAW BLVD<br>SUITE 100<br>TORRANCE CA 90501<br>310/218-5500 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 27 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>Robin Sanchez |

ATTORNEY FOR:      PLAINTIFF

LOS ANGELES SUPERIOR CRT, LOS ANGELES
  CENTRAL DISTRICT-STANLEY MOSK
  111 N. HILL STREET
  LOS ANGELES. CA. 90012

| PLAINTIFF/PETITIONER:   MISSAGHI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   APPLE, INC. | **BC501153** |
| **PROOF OF SERVICE OF SUMMONS** | REF NO. OR FILE NO.:<br>**091186/MISSAGHI** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

   SUMMONS AND COMPLAINT
   NOTICE OF CASE ASSIGNMENT
   ALTERNATIVE DISPUTE RESOLUTION
   INFORMATION PACKAGE
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE

3. a. Party served:

   APPLE, INC., A CORPORATION BY SERVING THE AGENT
   FOR SERVICE OF PROCESS CT CORPORATION SYSTEM

   b. Person served:

   MARGARET WILSON

   Title:

   PROCESS SPECIALIST (AUTHORIZED TO ACCEPT)

4. Address where party was served:
   818 W. SEVENTH ST.
   LOS ANGELES CA 90017

5. I served the party

   a. BY PERSONAL SERVICE. I personally delivered the documents listed
   in item 2 to the party or person authorized to receive service
   of process for the party
   (1) ON: 02/21/13   (2) AT: 02:05 PM

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure,   417.10
Invoice No.   544082

| PLAINTIFF/PETITIONER: | MISSAGHI | | CASE NUMBER: |
|---|---|---|---|
| DEFENDANT/RESPONDENT: | APPLE, INC. | | BC501153 |

6   The "Notice to the Person Served" was completed as follows:
    on behalf of : APPLE, INC., A CORPORATION BY SERVING THE AGENT
        FOR SERVICE OF PROCESS CT CORPORATION SYSTEM

            under CCP 416.10 (Corporation)

7.   **Person who served papers**
    a.  Name:                        TIMOTHY DELCANO
    b.  Address:                    P.O. 91985 LONG BEACH, CA 90809
    c.  Telephone Number:       562/595-1337
    d.  The fee for service was:         40.00
    e.  I am:
        (3)  registered California process server:
            (i)   Employee or independent contractor.
            (ii)  Registration No.:         4943      Expires: 12/16/13
            (iii) County:              LOS ANGELES

8.  **I declare**        under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

02/22/13

**TIMOTHY DELCANO**

SIGNAL ATTORNEY SERVICE, INC., LOS ANGELES CO. REG# 4943, EXPIRES

Exhibit A
30

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 06 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
MARIBEL MATA

1

2

3

4

5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10                         CENTRAL DISTRICT

11 | ROSS MISSAGHI, individually, and on behalf | Case No.:BC501153
12 | of all others similarly situated customers of
     Apple, Inc.,
13 |                                              **CLASS ACTION**
                      Plaintiff,                  INITIAL STATUS CONFERENCE ORDER
14
           vs.                                    Case Assigned for All Purposes to
15                                                Judge John Shepard Wiley Jr.
16 | APPLE, INC., a corporation; and DOES 1
     through 100, inclusive,                      Department:  311
17                                                Date:       May 15, 2013
                      Defendants,                 Time:        2:00 PM
18

19

20        This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the

21 Complex Litigation Program.  An Initial Status Conference is set for May 15, 2013 at 2:00 p.m. in

22 Department 311 located in the Central Civil West Courthouse at 600 South Commonwealth

23 Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

24        The court orders counsel to prepare for the Initial Status Conference by identifying and

25 discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

26 initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

27 agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

28

INITIAL STATUS CONFERENCE ORDER

Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions.  Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must summarize their views on this issue.

-2-

Exhibit A
32

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then is to identify efficient ways to resolve those issues. The vehicles include:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1] Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

Exhibit A
33

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[2] See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER

Exhibit A
34

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

■ Case Anywhere (www.caseanywhere.com),

■ CaseHomePage (www.casehomepage.com), or

■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor.  If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies.  The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***.  This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of

---

[3] California Rule of Court, Rule 3.770(a)

-5-

1   counsel and preparation of a service list.  The filing of such a Notice of Appearance shall be

2   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

3   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

4   to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the

5   parties in managing this "complex" case through the development of an orderly schedule for

6   briefing and hearings on procedural and substantive challenges to the complaint and other issues

7   that may assist in the orderly management of these cases.  This stay shall not preclude the parties

8   from informally exchanging documents that may assist in their initial evaluation of the issues

9   presented in this case, however shall stay all outstanding discovery requests.

10  

11       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

12  counsel for all parties, or if counsel has not been identified, on all parties, within five days of

13  service of this order.  If any defendant has not been served in this action, service is to be

14  completed within twenty days of the date of this order.

15  

16       MAR 0 6 2013

17  Dated: _____

18  

19  

20       _____
         Judge of the Los Angeles Superior Court

21  

22  

23  

24  

25  

26  

27  

28  

-6-

INITIAL STATUS CONFERENCE ORDER

Exhibit A
36

# EXHIBIT B

1   RICHARD B. GOETZ (S.B. #115666)
    rgoetz@omm.com
2   KELSEY M. LARSON (S.B. #267982)
    klarson@omm.com
3   O'MELVENY & MYERS LLP
4   400 S. Hope Street
    Los Angeles, CA 90071-2899
5   Telephone:   (213) 430-6000
6   Facsimile:   (213) 430-6407

7   MATTHEW D. POWERS (S.B. #212682)
    mpowers@omm.com
8   O'MELVENY & MYERS LLP
9   Two Embarcadero Center, 28th Floor
    San Francisco, CA 94111-3823
10  Telephone:  (415) 984-8700
    Facsimile:  (415) 984-8701
11
    Attorneys for Defendant
12  Apple Inc.

13          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **COUNTY OF LOS ANGELES**

15                 **CENTRAL DIVISION**

16

17  ROSS MISSAGHI, individually, and on          Case No. BC501153
    behalf of all other similarly situated
18  customers of Apple, Inc.,                     <u>CLASS ACTION</u>

19                        Plaintiffs,            **DEFENDANT APPLE INC.'S
                                                 NOTICE TO STATE COURT AND
20         v.                                    ADVERSE PARTIES OF REMOVAL
                                                 TO THE UNITED STATES
21  APPLE, INC., a corporation; and DOES         DISTRICT COURT FOR THE
    1 through 100, inclusive,                    CENTRAL DISTRICT OF
22                                               CALIFORNIA
                          Defendants.
23

24

25

26

27

28

1   **TO THE CLERK OF THE ABOVE COURT AND ALL ADVERSE PARTIES:**

2        **PLEASE TAKE NOTICE** that on March 20, 2013, Defendant Apple Inc. filed a

3   Notice of Removal of this action to the United States District Court for the Central

4   District of California.  Attached as **Exhibit 1** is a true and correct copy of the Notice of

5   Removal and supporting papers filed with the United States District Court in connection

6   with this removal.

7        **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446, the

8   filing of said Notice of Removal effects the removal of this action to the United States

9   District Court, and this Court is directed to "proceed no further unless and until the case is

10  remanded."  28 U.S.C. § 1446(d).

11

12

13      Dated:  March 20, 2013            RICHARD B. GOETZ
                                  MATTHEW D. POWERS

14                                    KELSEY M. LARSON
                                  O'MELVENY & MYERS LLP

15

16                            By:  _Kelsey M. Larson_
                                    Kelsey M. Larson

17                                    Attorneys for Defendant
                                  Apple Inc.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT APPLE INC.'S NOTICE TO STATE COURT & ADVERSE PARTIES OF REMOVAL

1

## PROOF OF SERVICE BY FEDERAL EXPRESS

2          I, Margaret Rodriguez-Perez, declare:

3          I am a citizen of the United States and employed in Los Angeles County,
4   California. I am over the age of eighteen years and not a party to the within action. My
    business address is 400 South Hope Street, Los Angeles, California 90071-2899. On
5   March 20, 2013, I served a copy of the within document(s):

6          **DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**
           **DECLARATION OF MARK BUCKLEY IN SUPPORT OF**
7          **DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**
           **CIVIL COVER SHEET**
8          **DEFENDANT APPLE INC.'S NOTICE OF INTERESTED PARTIES**
           **PURSUANT TO F.R.C.P. 7.1 & CIVIL L.R. 7.1-1**
9

10  by putting a true and correct copy thereof, together with an unsigned copy of this
    declaration, in a sealed envelope designated by the carrier, with delivery fees paid or
11  provided for, for delivery the next business day to the person(s) listed below, and placing
    the envelope for collection today by the overnight courier in accordance with the firm's
12  ordinary business practices. I am readily familiar with this firm's practice for collection
    and processing of overnight courier correspondence. In the ordinary course of business,
13  such correspondence collected from me would be processed on the same day, with fees
14  thereon fully prepaid, and deposited that day in a box or other facility regularly
    maintained by Federal Express, which is an express carrier.
15

16         Farzad Rastegar
           Douglas W. Perlman
17         RASTEGAR LAW GROUP, APC.
           1010 Crenshaw Boulevard, Suite 100
18         Torrance, CA 90501
           Tel. (310) 961-9600
19         Fax: (310) 961-9094

20         I declare under penalty of perjury under the laws of United States that the
21  above is true and correct. Executed on March 20, 2013, at Los Angeles, California.

22

23

24                                          Margaret Rodriguez-Perez

25

26

27

28

                                                                   PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 2003 GAF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ROSS MISSAGHI, individually, and on behalf of all other similarly situated customers of Apple, Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

APPLE INC., a corporation; and DOES 1 through 100, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Farzad Rastegar, Douglas W. Perlman, RASTEGAR LAW GROUP, APC, 1010 Crenshaw Blvd., Suite 100, Torrance, California 90501, telephone (310) 961-9600

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Richard B. Goetz, Kelsey M. Larson, O'MELVENY & MYERS LLP, 400 S. Hope Street, Los Angeles, California 90071, telephone (213) 430-6000; Matthew D. Powers, O'MELVENY & MYERS LLP, Two Embarcadero Center, 28th Floor, San Francisco, California 94111, telephone (415) 984-8700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Diversity under 28 U.S.C. § 1332; Removal under 28 U.S.C. §§ 1441, 1446, 1453. Plaintiff alleges claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, violation of the Magnuson-Moss Warranty Act, and violation of Cal. Bus. & Prof. Code § 17531, relating to his iPhone 4/4S device.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-02003

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santa Clara County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Kelsey M. Faus_   DATE: March 20, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |