RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com
KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
Apple Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROSS MISSAGHI, individually, and on behalf of all other similarly situated customers of Apple, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:13-CV-2003-GAF (AJWx) <br><br> **DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE THIRD AMENDED COMPLAINT** <br><br> Judge: Hon. Gary A. Feess <br> Courtroom: 740 |

Pursuant to Federal Rules of Civil Procedure 7 and 15(a), Defendant Apple Inc. ("Apple") hereby answers the Third Amended Complaint ("TAC") of Plaintiff Ross Missaghi as follows:

## JURISDICTION

1. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 and, on that basis, denies them. Apple admits that it maintains its corporate headquarters in the state of California.

## PLAINTIFFS

2. The allegations in Paragraph 2 consist of argument to which no response is required. To the extent any response is necessary, Apple denies the allegations.

3. The allegations in Paragraph 3 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations. Apple specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action, or with subclasses. Moreover, in light of the Court's November 1, 2013 Order, the allegations regarding subclass (A) are no longer at issue in this case.

## DEFENDANT

4. Apple admits the allegation in Paragraph 4.

5. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and, on that basis, denies them.

## CLASS ACTION DESIGNATION

6. The allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations. Apple specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action. Moreover, in light of the Court's November 1, 2013 Order, the allegations set out in (B) through (D) are no longer relevant to this action.

## STATEMENT OF FACTS

7. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and, on that basis, denies them.

8. Apple denies the allegations in Paragraph 8. Moreover, in light of the Court's November 1, 2013 Order, the allegations set out in Paragraph 8 are no longer relevant to this action.

9. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and, on that basis, denies them.

10. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and, on that basis, denies them.

11. Apple denies the allegations in Paragraph 11. Moreover, in light of the Court's November 1, 2013 Order, the allegations set out in Paragraph 11 are no longer relevant to this action.

12. Apple denies the allegations in Paragraph 12. Moreover, in light of the Court's November 1, 2013 Order, these allegations are no longer relevant to this action.

13. Apple denies the allegations in Paragraph 13, except admits that the Federal Aviation Administration released the now-outdated fact sheet about portable electronic devices (PEDs) described in Paragraph 13. Moreover, in light of the Court's November 1, 2013 Order, these allegations are no longer relevant to this action.

14. Apple denies the allegation in Paragraph 14. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 14 are no longer relevant to this action.

15. Apple denies the allegation in Paragraph 15. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 15 are no longer relevant to this action.

16. Apple denies the allegations in Paragraph 16, except insofar as they

1  allege that public telephones and landlines are less popular than in the past. Apple
2  lacks sufficient knowledge or information to form a belief as to the truth or falsity
3  of these allegations in Paragraph 16 and, on that basis, denies them. Moreover, in
4  light of the Court's November 1, 2013 Order, the allegations in Paragraph 16 are no
5  longer relevant to this action.

6  17.  Apple denies the allegations in Paragraph 17. Moreover, in light of the
7  Court's November 1, 2013 Order, the allegations in Paragraph 17 are no longer
8  relevant to this action.

9  18.  Apple denies the allegations in Paragraph 18. Moreover, in light of the
10 Court's November 1, 2013 Order, the allegations in Paragraph 18 are no longer
11 relevant to this action.

12 19.  Apple denies the allegations in Paragraph 19. Moreover, in light of the
13 Court's November 1, 2013 Order, the allegations in Paragraph 19 are no longer
14 relevant to this action.

15 20.  Apple denies that it informed Mr. Thompson that it was impossible to
16 repair his device. Apple lacks sufficient knowledge or information to form a belief
17 as to the truth or falsity of the remaining allegations in Paragraph 20 and, on that
18 basis, denies them.

19 21.  Apple denies that it informed Mr. Missaghi that it was impossible to
20 repair his device. Apple lacks sufficient knowledge or information to form a belief
21 as to the truth or falsity of the remaining allegations in Paragraph 21 and, on that
22 basis, denies them.

23 22.  Apple denies the allegations in Paragraph 22.

24 23.  Apple denies the allegations in Paragraph 23.

25 24.  Apple denies that it offered misleading or false information to anyone.
26 Apple lacks sufficient knowledge or information to form a belief as to the truth or
27 falsity of the remaining allegations in Paragraph 24 and, on that basis, denies them.

28 25.  Apple denies the allegations in Paragraph 25. Moreover, in light of the

Court's November 1, 2013 Order, the allegations in Paragraph 25 are no longer relevant to this action.

26. The allegations in Paragraph 26 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations. Apple specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action. Moreover, in light of the Court's November 1, 2013 Order, the allegations regarding subparts (a) through (e) are no longer relevant to this action.

27. The allegations in Paragraph 27 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations. Apple specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

## **FIRST CAUSE OF ACTION**

### **Racketeer Influenced and Corrupt Organizations Act**

### **18 USC §§ 1962(b) and (c)**

28. Apple incorporates its answers to Paragraphs 1-27 herein.

29. Apple denies the allegations in Paragraph 28 except admits that Apple negotiated with AT&T to serve as a wireless service provider for the iPhone. Apple further admits that AT&T served as the exclusive wireless service provider for Apple's iPhone devices between 2007 and 2011. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 29 are no longer relevant to this action.

30. Apple denies the allegations in Paragraph 30, except admits that AT&T provided wireless services for some customers who purchased Apple's iPhone devices. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 30 are no longer relevant to this action.

31. Apple denies the allegations in Paragraph 31. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 31 are no longer

relevant to this action.

32. Apple denies the allegations in Paragraph 32. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 32 are no longer relevant to this action.

33. Apple denies the allegations in Paragraph 33. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 33 are no longer relevant to this action.

34. Apple denies the allegations in Paragraph 34. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 34 are no longer relevant to this action.

35. Apple denies the allegations in Paragraph 35, except admits that it launched the iPhone 4 on June 7, 2010. Apple further admits that Steve Jobs made statements regarding the iPhone 4 as reflected in videos available at the URLs listed in Paragraph 35. Apple specifically denies that either Mr. Jobs or Apple made any false or misleading statements. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 35 are no longer relevant to this action.

36. Apple denies the allegations in Paragraph 36, except admits that Jonathan Ive made statements regarding the iPhone 4 as reflected in videos available at the URLs listed in Paragraph 36. Apple specifically denies that either Mr. Ive or Apple made any false or misleading statements. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 36 are no longer relevant to this action.

37. Apple denies the allegations in Paragraph 37. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 37 are no longer relevant to this action.

38. Apple denies the allegations in Paragraph 38. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 38 are no longer relevant to this action.

39. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 and, on that basis, denies them. Apple specifically denies that it omitted material information. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 39 are no longer relevant to this action.

40. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 regarding what Mr. Thompson claims to have seen or heard, and, on that basis, denies them. Apple specifically denies that Apple omitted or failed to disclose material information. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 40 are no longer relevant to this action.

41. Apple lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 regarding what Mr. Missaghi claims to have seen or heard, and, on that basis, denies them. Apple specifically denies that Apple omitted or failed to disclose material information. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 41 are no longer relevant to this action.

42. Apple denies the allegations in Paragraph 42. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 42 are no longer relevant to this action.

43. Apple denies the allegations in Paragraph 43.

44. Apple denies the allegations in Paragraph 44. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 44 are no longer relevant to this action.

45. Apple denies the allegations in Paragraph 45. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 45 are no longer relevant to this action.

46. Apple denies the allegations in Paragraph 46. Moreover, in light of the

Court's November 1, 2013 Order, the allegations in Paragraph 46 are no longer relevant to this action.

## SECOND CAUSE OF ACTION

### California Business and Professional Code § 17200 *et seq.*

47. Apple incorporates its answers to Paragraphs 1-46 herein.

48. The allegations in Paragraph 48 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations. Moreover, in light of the Court's November 1, 2013 Order, the allegations in Paragraph 48 are no longer relevant to this action.

49. The allegations in Paragraph 49 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations.

50. Apple denies the allegations in Paragraph 50.

51. The allegations in Paragraph 51 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations. Apple specifically denies making any fraudulent representation. Moreover, in light of the Court's November 1, 2013 Order, the allegations in the first sentence of Paragraph 51 are no longer relevant to this action.

52. The allegations in Paragraph 52 state a legal conclusion to which no response is required. To the extent any response is necessary, Apple denies the allegations.

## AFFIRMATIVE DEFENSES

Apple sets forth below its affirmative defenses. By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff or the class members. Moreover, nothing stated herein is intended, or should be construed, as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

53. The Third Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Injury and Damages)

54. Plaintiff's and the putative Class's claims are barred, in whole or in part, because they suffered no injury and/or incurred no damages.

**THIRD AFFIRMATIVE DEFENSE**

(Lack of Standing)

55. Plaintiff lacks standing to assert the claims herein, in whole or in part, or to act as a Class representative.

**FOURTH AFFIRMATIVE DEFENSE**

(Equity)

56. Plaintiff's and the putative Class's claims are barred, in whole or in part, based on principles of equity.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

57. Plaintiff and the putative Class are barred from recovery by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

58. By their actions and conduct, Plaintiff and the putative Class have waived their right to sue Apple for any relief sought and/or their claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

(Laches)

59. Plaintiff and the putative Class are barred, in whole or in part, from

recovery by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

60. Plaintiff's and the putative Class's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code Section 17208, California Civil Code Section 338(d), California Civil Code Section 1783, California Civil Code Section 337, and California Uniform Commercial Code Sections 2607(3)(a) and 2725(1), (2), and Plaintiff does not sufficiently allege that the discovery rule applies or the limitations periods were tolled.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

61. To the extent Plaintiff or the putative Class suffered any damages, they failed to mitigate them.

## TENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

62. Plaintiff and the putative Class are not entitled to the relief sought, in whole or in part, because an adequate remedy at law exists.

## ELEVENTH AFFIRMATIVE DEFENSE

(First Amendment)

63. Plaintiff's and the putative Class's claims are barred, in whole or in part, by the First Amendment of the United States Constitution, and similar provisions in the Constitution of the State of California, which protect, among other things, Apple's right to promote and advertise its products.

## TWELFTH AFFIRMATIVE DEFENSE

(Ratification)

64. Plaintiff's and the putative Class's claims are precluded, in whole or in part, because they ratified the conduct upon which the claims are based.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Safe Harbor)

65. The Third Amended Complaint is barred, in whole or in part, because Apple's business practices are not unfair, unlawful or likely to mislead because its conduct falls within a safe harbor created by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Release)

66. The Third Amended Complaint is barred, in whole or in part, by the release of the asserted claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Good Faith/Reasonable Belief as to Accuracy and Validity)

67. The Third Amended Complaint is barred, in whole or in part, because any representations or statements alleged to have been made by Apple were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Apple's conduct was lawful.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Due Process)

68. The Third Amended Complaint, and the certification of the proposed Class, are barred, in whole or in part, by the Due Process Clauses of the Constitutions of the United States and the State of California, and by the Due Process Clauses of any other state Constitutions the Court may deem applicable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Inadequate Notice)

69. The Third Amended Complaint is barred, in whole or in part, by Plaintiff's and the putative Class's failure to comply with the notice and demand procedures required under California Civil Code § 1750 *et seq*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Corrective Action Has Been Taken)

70. Plaintiff and the putative Class are not entitled to damages pursuant to California Civil Code §§ 1872(b), 1782(c) and 1784.

## NINETEENTH AFFIRMATIVE DEFENSE

(Puffing)

71. The Third Amended Complaint is barred, in whole or in part, to the extent that it is based on non-actionable puffing.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Duty to Disclose)

72. Apple owed no duty to disclose to Plaintiff or the putative Class the information allegedly omitted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Causation)

73. Plaintiff and the putative Class suffered no damages as a result of the claims alleged or, if they did, those damages were not directly or proximately caused by Apple.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

74. Plaintiff and the putative Class are barred from recovering punitive damages against Apple because any imposition of punitive damages under the facts and circumstances of this case would violate the rights of Apple under the United States Constitution, the Constitution of the State of California, and the applicable laws of California including, but not limited to, Section 3294 of the California Civil Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Speculative Damages)

75. Plaintiff's and the putative Class's claims are barred, in whole or in

part, because the damages sought are too speculative and remote.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Additional Defenses)

76. Apple reserves the right to raise additional affirmative defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, Apple prays that Plaintiff take nothing by way of his Third Amended Complaint, her requests to certify a class be denied, and the Court enter judgment in favor of Apple as follows:

1. For Apple's reasonable attorney's fees;

2. For Apple's reasonable costs and expenses incurred in defending against the allegations contained in Plaintiff's Third Amended Complaint and in this action; and

3. For such other and further relief as the Court deems just and proper.

Dated:   November 15, 2013

O'MELVENY & MYERS LLP
RICHARD B. GOETZ
MATTHEW D. POWERS
KELSEY M. LARSON


By:  /s/ Matthew D. Powers
        Matthew D. Powers
Attorneys for Defendant
APPLE INC.