RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com
KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendant
Apple Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROSS MISSAGHI and CHARLES THOMPSON, individually, and on behalf of all other similarly situated customers of Apple, Inc.,<br><br>          Plaintiffs,<br><br>     v.<br><br>APPLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 2:13-CV-2003-GAF (AJWx) |

**AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

[PROPOSED] PROTECTIVE ORDER RE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS – 2:13-CV-2003-GAF (AJWX)

1  Plaintiffs Ross Missaghi and Charles Thompson ("Plaintiffs") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulation and [Proposed] Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1.  PURPOSES AND LIMITATIONS**

(a)  Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)  The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection under this Order, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

**2.  DEFINITIONS**

(a)  "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or

Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs. "Party," however, does not include any members of the putative class other than the named plaintiffs in this action (Ross Missaghi and Charles Thompson). Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for the purposes of this Order.

(d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.   COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.   SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any

information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)  Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Party from showing Protected Material to an individual who prepared the Protected Material.

(c)  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)  Nothing in this Order shall be construed to alter the legal burden of proof or persuasion under applicable law in a motion brought by any Party related to discovery, confidentiality of Protected Material, or the interpretation of this Order, consistent with the section of this order titled "Challenging Designations of Protected Material," below.

(e)  This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.   DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.   ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)  <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or

1  acquisition, patent reexamination or reissue proceedings, or any business or
2  competitive purpose or function.  Protected Material shall not be distributed,
3  disclosed or made available to anyone except as expressly provided in this Order.

4      (b)    <u>Secure Storage</u>.  Protected Material must be stored and
5  maintained by a Receiving Party at a location in the United States and in a secure
6  manner that ensures that access is limited to the persons authorized under this
7  Order.

8      (c)    <u>Legal Advice Based on Protected Material</u>.  Nothing in this
9  Protective Order shall be construed to prevent counsel from advising their clients
10  with respect to this case based in whole or in part upon Protected Materials,
11  provided counsel does not disclose the Protected Material itself except as provided
12  in this Order.

13      (d)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a
14  Producing Party's use or disclosure of its own Protected Material.  Nothing in this
15  Order shall restrict in any way the use or disclosure of Discovery Material by a
16  Receiving Party: (i) that is or has become publicly known through no fault of the
17  Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party
18  independent of the Producing Party; (iii) previously produced, disclosed and/or
19  provided by the Producing Party to the Receiving Party or a non-party without an
20  obligation of confidentiality and not by inadvertence or mistake; (iv) with the
21  consent of the Producing Party; or (v) pursuant to order of the Court.

22      **7.**    **<u>DESIGNATING PROTECTED MATERIAL</u>**

23      (a)    <u>Available Designations</u>.  Any Producing Party may designate
24  Discovery Material as "CONFIDENTIAL," provided that it meets the requirements
25  for such designation as provided for herein.  To the extent that any Producing Party
26  contends that Discovery Material requires additional protections, the parties may
27  meet and confer at a later date regarding amending this Order to provide for
28  additional protections.

    (b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for confidentiality under this Order may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

    (c) <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators or metadata information indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 9 of this Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld. The Party seeking use of a .tiff or .pdf image of a native file document may provide a copy to the Producing Party for review immediately prior to its intended use at deposition, court hearing or trial so that the Producing Party can review the image. If the Producing Party objects to its use, the

1  party seeking to use the image may not use the image until the dispute is resolved
2  between the parties or by the Court.
3         (d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or
4  entities may designate depositions and other testimony with the appropriate
5  designation by indicating on the record at the time the testimony is given or by
6  sending written notice of how portions of the transcript of the testimony is
7  designated within thirty (30) days of receipt of the transcript of the testimony.  If no
8  indication on the record is made, all information disclosed during a deposition shall
9  be deemed "CONFIDENTIAL" until the time within which it may be appropriately
10 designated as provided for herein has passed.  If during this 30-day time period, a
11 Party wishes to disclose the transcript, or information contained therein, that Party
12 may provide written notice of its intent to treat the transcript as non-confidential,
13 after which time, any Party that wants to maintain any portion of the transcript as
14 confidential must designate the confidential portions within fourteen (14) days, or
15 else the transcript may be treated as non-confidential.  Any Protected Material that
16 is used in the taking of a deposition shall remain subject to the provisions of this
17 Protective Order, along with the transcript pages of the deposition testimony
18 dealing with such Protected Material.  In such cases the court reporter shall be
19 informed of this Protective Order and shall be required to operate in a manner
20 consistent with this Protective Order.  In the event the deposition is videotaped, the
21 original and all copies of the videotape shall be marked by the video technician to
22 indicate that the contents of the videotape are subject to this Protective Order,
23 substantially along the lines of "This videotape contains confidential testimony
24 used in this case and is not to be viewed or the contents thereof to be displayed or
25 revealed except pursuant to the terms of the operative Protective Order in this
26 matter or pursuant to written stipulation of the parties."  Counsel for any Producing
27 Party shall have the right to exclude from oral depositions, other than the deponent,
28 deponent's counsel, the reporter and videographer (if any), any person who is not

1 authorized by this Protective Order to receive or access Protected Material based on
2 the designation of such Protected Material.  Such right of exclusion shall be
3 applicable only during periods of examination or testimony regarding such
4 Protected Material.

**8.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information, including (but not limited to) trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   If the Receiving Party is Apple, representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be (but need not be) in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case;

(iii)   If the Receiving Party is either named plaintiff Ross Missaghi or named plaintiff Charles Thompson, provided that Mr. Missaghi and Mr. Thompson have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; should additional pleadings naming additional individuals as named plaintiffs be filed, Discovery Material may be disclosed to

such individually named plaintiffs provided that they have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

    (iv) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a competitor of Apple, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of Apple; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of any competitor of Apple; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign (i.e., outside the United States) jurisdiction (unless such material originated from or are produced from any such foreign jurisdiction; moreover, the Parties agree to meet and confer over potential alterations to this Protective Order as reasonably necessary to enable the parties to take testimony on technical matters in a foreign jurisdiction); and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 9 below;

    (v) Any person indicated on the face of the document as having written or received such document during the course of his or her employment or consultancy, or a custodian or other person who otherwise possessed the information during the course of his or her employment or consultancy, or a custodian or other person whose role or responsibilities in their employment or consultancy required access to the documents or information at issue;

    (vi) During their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that: (a) the Receiving Party provides

8   [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE AND USE OF DISCOVERY MATERIALS – 2:13-CV-2003-GAF (AJWX)

1  notice to the Producing Party and a reasonable opportunity (including, where
2  appropriate, at the deposition itself) to object to such disclosure; and (b) such
3  deponent has agreed to be bound by the provisions of the Protective Order by
4  signing a copy of Exhibit A; however, if the Producing Party is Apple, then the
5  documents may be shown to current Apple employees, and the parties reserve the
6  right to seek changes to these procedures in the future;

       (vii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

       (viii) The Court, jury, and court personnel;

       (ix) Graphics, translation, design, and/or trial consulting personnel (as drafted, "trial consulting personnel" does not presently include mock trial jurors; however, the Parties recognize the need to eventually conduct mock trial exercises and agree to meet and confer regarding procedures for disclosure of confidential information to mock trial jurors), having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

       (x) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

       (xi) Any other person with the prior written consent of the Producing Party.

### 9. NOTICE OF DISCLOSURE

(a) Prior to disclosing any Protected Material to any person described in Paragraph 8(b)(iv) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of

the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years. Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of smart phones, cell phones, tablet computers, media players, or similar technologies, or relating to the acquisition of intellectual property assets relating to smart phones, cell phones, tablet computers, media players, or similar technologies. The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of smart phones, cell phones, tablet computers, media players, or similar technologies, or the acquisition of intellectual property assets relating to smart phones, cell phones, tablet computers, media players, or similar technologies.

(b) Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and

confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c) For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d) Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e) An initial failure to object to a Person under this Paragraph 9 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

**10. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) A Party shall not be obligated to challenge the propriety of any

designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**11.** **<u>SUBPOENAS OR COURT ORDERS</u>**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or

1 other request is directed shall immediately give prompt written notice thereof to
2 every Party who has produced such Discovery Material (through its counsel) and
3 shall provide each such Party with an opportunity to move for a protective order
4 regarding the production of Protected Materials implicated by the subpoena.

### 12. FILING PROTECTED MATERIAL

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized under Local Rule 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

### 13. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is

reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 14. INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a) The inadvertent failure by a Producing Party to designate Discovery Material as "CONFIDENTIAL" as provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material as "CONFIDENTIAL" pursuant to the terms of this Order.

### 15. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such

counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### 16. FINAL DISPOSITION

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.

(c) Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings and filings (including exhibits), correspondence, attorney work product, consultant work product, and expert work product (but not document productions) for archival purposes, but must not retain source code (which, if source code becomes relevant in this action, will be the subject of a further or amended protective order prior to the production of any source code).

### 17. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a) Draft reports and notes or outlines for draft reports developed and drafted by a testifying expert (i.e. any person required to submit a report under Rule 26(a)(2(B) of the Federal Rules of Civil Procedure) and/or his or her staff,

shall be considered and treated as "drafts of any report or disclosure required under Rule 26(a)(2)" under Rule 26(b)(4)(B).

    (b)    Discovery of materials provided to testifying experts shall be limited to those (1) facts or data considered by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case, and (2) assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. No discovery can be taken from any non-testifying expert except (1) as provided by Rule 26(b)(4)(D), and (2) to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert that were relied on by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

    (c)    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 17(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

### 18. MISCELLANEOUS

    (a)    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

    (b)    <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

    (c)    <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

      (d)    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

      (e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

      (f)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for Central California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for Central California.

      (g)    <u>Discovery Rules Remain Unchanged</u>.  Except as expressly provided for herein, nothing in this Protective Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central California or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside

of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central California, or the Court's own orders.

Dated: August 20, 2014

RICHARD B. GOETZ
MATTHEW D. POWERS
KELSEY M. LARSON
O'MELVENY & MYERS LLP

By: */s/ Matthew D. Powers*
Matthew D. Powers
Attorneys for Defendant
Apple Inc.

Dated: August 20, 2014

RASTEGAR LAW GROUP

By: */s/ Douglas W. Perlman*
Douglas W. Perlman
Attorneys for Plaintiffs

## ATTESTATION OF FILING

The filing attorney attests that he has obtained concurrence and authorization regarding the filing of the document from the signatories to this document.

Dated: August 20, 2014

RICHARD B. GOETZ
MATTHEW D. POWERS
KELSEY M. LARSON
O'MELVENY & MYERS LLP

By: */s/ Matthew D. Powers*
Matthew D. Powers
Attorneys for Defendant
Apple Inc.

IT IS SO ORDERED.

DATED: 8/22/2014

_____
Honorable Andrew J. Wistrich
United States Magistrate Judge

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Missaghi v. Apple Inc.*, United States District Court, Central District of California, Western Division, Civil Action No. 2:13-CV-2003-GAF (AJWx). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]